**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

RICHARD SWIFT,

　　　　Defendant - Appellant.

No. 00-3392
(D. C. No. 00-CR-20017-JWL)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **EBEL** and **LUCERO**, Circuit Judges.

---

　　　After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　This appeal is from an order of the district court finding the defendant had previously been convicted of the felony offense of possession of marijuana in Wyandotte County District Court, and that he knowingly possessed a firearm that had affected

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court specifically found that the fact that the weapon had been manufactured in Maryland and shipped and transported in interstate commerce satisfied the interstate commerce element of the offense. The district court found the defendant guilty of the offenses charged. After a sentencing hearing, the defendant was sentenced to 37 months imprisonment, 3 years of supervised release, a fine of $250, and a special assessment of $100. The sole issue in this appeal is whether the district court's determination that the parties' stipulation that the firearm in question was manufactured in Maryland and subsequently crossed a state line in order to arrive in the possession of the defendant was sufficient to establish the interstate nexus requirement of 18 U.S.C. § 922(g).

Defendant waived his right to a jury trial and submitted this case to the court on the following stipulated facts:

> On November 30, 1999 at approximately 1:30 p.m. Officer Hylton of the Kansas City Kansas Police Department stopped a blue Chevrolet Impala at 1209 N. 10th Street, Kansas, City, Kansas. The car was stopped for improper passing on the right and speeding. The driver, Jasper Cunningham did not have a driver's license on him, so he was asked to leave the vehicle. The defendant, Richard A. Switft jr. [sic] was sitting in the front passenger seat and had a bottle of Bud Light beer between his legs. The defendant was asked to get out of the car by Officer Ellington, who has [sic] arrived to assist Officer Hylton. The defendant did not respond to the officers [sic] request to get out of the car. Officer Hylton entered the driver's side of the vehicle and attempted to take the bottle of beer from between the defendant's legs. As this happened, the defendant put his hands into his jacket and onto the butt of a gun. The defendant then put his elbow against the gun to attempt to prevent officer Hylton from recovering the firearm. The officer was ultimately able to recover the firearm from the defendant and he was arrested. The defendant had previously been

- 2 -

convicted of a felony.  On August 26, 1999 the defendant was convicted of possession of marijuana in the District Court of Wyandotte County Kansas, and was sentenced to 24 months probation.  The firearm recovered from the defendant was a 40 caliber Baretta, Model 96, with serial number BER 116212.  This firearm was manufactured by Baretta USA in Maryland.  Therefore, the firearm necessarily traveled in interstate commerce in order for the defendant to be found in possession of it in Kansas City, Kansas.

On appeal here defendant challenges the constitutionality of 18 U.S.C. § 922(g) as it was applied in this case.  We review this issue *de novo*.  The arguments that defendant makes are foreclosed by circuit precedent.  *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000).  Defendant suggests that the *Dorris* case conflicts with the holdings of the United States Supreme Court in *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States*, 529 U.S. 848 (2000).  That allegation is incorrect.  The court in *Dorris* held that the government has no duty to prove that the gun possession had any actual or substantial effect on interstate commerce.  In the *Dorris* case this court thoroughly reviewed the Supreme Court's decision in *Morrison* and *Jones* and properly concluded that there was no conflict between the *Dorris* determination and the holdings of the United States Supreme Court.  We affirm the holding of the district court that the parties' stipulation was sufficient to satisfy the interstate commerce requirement of 18 U.S.C. § 922(g).  AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

- 3 -